UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-cr-91-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TYLER S. MORROW, | ) | |
| | ) | |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 36 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Tyler S. Morrow's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 37 (Recommendation); *see also* DE 34 (Plea Agreement). Judge Ingram expressly informed Morrow of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 37 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 37, **ACCEPTS** Morrow's guilty plea, and **ADJUDGES** Morrow guilty of Count 1 of the Indictment.

2. Judge Ingram allowed Morrow to remain on bond pending acceptance of the plea. *See* DE 36. Morrow stands convicted of conspiring to engage in aggravated meth trafficking. He is therefore subject to mandatory detention per the terms of 18 U.S.C. § 3143(a)(2). Morrow would have the burden to establish an exception under § 3143 or 3145. Absent a showing that an applicable exception exists, and given that no such showing appears in the record, detention is the mandate. The Court **DIRECTS** Morrow to self-report to the United States Marshals Service at the U.S. Courthouse in London, Kentucky, **by Monday, August 4, 2025, at 10:00 a.m.** The Clerk shall alert his counsel to this Order, and counsel shall ensure that Morrow is aware of the self-report deadline, which will remain in place absent an intervening order.

3. The Court will issue a separate sentencing order.

This the 29th day of July, 2025.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge